# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

TRUSTEES OF PLUMBERS & STEAMFITTERS
LOCAL 166 HEALTH AND WELFARE FUND,
PLUMBERS & STEAMFITTERS LOCAL 166
PENSION FUND, PLUMBERS & STEAMFITTERS
LOCAL 166 PROFIT SHARING ANNUITY PLAN,
JOINT APPRENTICESHIP TRAINING COMMITTEE
TRUST FUND, and ISPTA/MCAI DRUG
PROGRAM FUND,

   Plaintiffs,      Case No.
              Hon.

-vs-

BMG MECHANICAL CORP. and
SHERMON GAYHEART, Individually

   Defendants.

---

**MATTHEW I. HENZI**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield MI  48075-8412
248.746.0700
mhenzi@swappc.com

---

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint

against Defendants BMG MECHANICAL CORP. and SHERMON GAYHEART, state as follows:

1.   Plaintiffs are the Trustees of the PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PENSION FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PROFIT SHARING ANNUITY PLAN, JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST FUND, and ISPTA/MCAI DRUG PROGRAM FUND (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with business being conducted in the City of Fort Wayne, County of Allen, Indiana.

2.   Plaintiff Trustees have for all purposes herein been and have acted as the designated representatives for the collection and disbursement of contributions to the Industry Fund and assessments for and on behalf of the Union, including assessments owed to the E&S Assessment Fund, Building Fund, and ISPTA Fund.

3.   Defendant BMG MECHANICAL CORP. is an Indiana corporation with its principal offices in Avilla, Indiana (hereinafter "BMG").

4. Defendant SHERMON GAYHEART (hereinafter "Individual Defendant") is an individual who is the controlling principal and/or officer/director of BMG MECHANICAL CORP. The Individual Defendant is responsible for running the operations of BMG MECHANICAL and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

5. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

6. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between the Union and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained

and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

7. At all times relevant hereto, Defendant BMG was signatory and/or bound to a Collective Bargaining Agreement with the Union.

8. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

9. Pursuant to the terms and provisions of the Collective Bargaining Agreement between BMG and the Union, BMG agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by BMG, and covered by the Agreement.

10. Pursuant to the terms and provisions of the Collective Bargaining Agreement between BMG and the Union, BMG agreed to be bound to the plans and trust documents of the FUNDS as if set forth therein.

11. That pursuant to the provisions of the plans and trust documents for the FUNDS, contributions become vested plan assets on the date in which they are due.

12. That pursuant to the Collective Bargaining Agreement, Defendant BMG is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

13. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

14. That pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

15. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

16. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC §1145

17. Plaintiff hereby incorporates and adopts by reference paragraphs 1 through 16 above as though fully set forth herein.

18. That notwithstanding its contractual obligations, Defendant BMG has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

19. Plaintiff is without adequate remedy at law and the FUNDS will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant BMG is ordered to specifically perform all obligations on Defendant's part required to be performed under the Collective Bargaining Agreements and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

   A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

   B. Enter a Judgment in favor of Plaintiff against Defendants BMG and SHERMON GAYHEART for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action, including the mandates of 29 USC 1132(g)(2);

   C. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

   D. Any such other, further, or different relief as may be just and equitable under the circumstances.

6

## COUNT II

## BREACH OF FIDUCIARY DUTIES - SHERMON GAYHEART

20. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 19 above as though fully set forth herein.

21. The INDIVIDUAL DEFENDANT is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

22. By engaging in the acts and omissions described, the INDIVIDUAL DEFENDANT breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

23. The INDIVIDUAL DEFENDANT is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

   A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

   B. Enter a Judgment in favor of Plaintiff against Defendants BMG and SHERMON GAYHEART for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the

       pendency of this action, including the mandates of 29 USC 1132(g)(2);

C.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

D.    Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN WARD ASHER & PATTON, P.C.**

s/Matthew I. Henzi
MATTHEW I. HENZI
Attorney for Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075
248.746.0700
mhenzi@swappc.com

Dated: April 09, 2019
W2285282.DOCX