UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRUSTEES OF PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PENSION FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PROFIT SHARING ANNUITY PLAN, JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST FUND, and ISPTA/MCAI DRUG PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> BMG MECHANICAL CORP. and SHERMON GAYHEART, Individually, <br><br> Defendants. | CAUSE NO.: 1:19-CV-157-HAB-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for Entry of Default Judgment Against Defendants BMG Mechanical Corp. and Shermon Gayheart [ECF No. 13], filed pursuant to Federal Rule of Civil Procedure 55(b)(2).

**PROCEDURAL BACKGROUND**

On April 9, 2019, Plaintiffs, Trustees of the Plumbers & Steamfitters Local 166 Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, Joint Apprenticeship Training Committee Trust Fund, and ISPTA/MCAI Drug Program Fund filed a Complaint [ECF

No. 1] against Defendants, seeking delinquent fringe benefits owed pursuant to a Collective Bargaining Agreement (CBA). Plaintiffs brought their Complaint under ERISA, 29 U.S.C. § 1132 & 1145, and Section 301(a) of the Labor Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. § 185(a).

Following an application for entry of default, on November 5, 2019, the Clerk entered a Default [ECF No. 12] against Defendants pursuant to Federal Rule of Civil Procedure 55(a) because Defendants had failed to plead or otherwise defend. On November 26, 2019, Plaintiffs filed a Motion for Default Judgment [ECF No. 13], requesting the entry of default judgment in the amount of $10,955.51 as the amount that is authorized by ERISA and the parties' CBA for the payment of delinquent fringe benefit contributions, which includes the unpaid contributions, liquidated damages and interest on the delinquent contributions, plus attorney's fees and costs.

Plaintiffs submitted excerpted portions of the CBA, and the Employer's Report of Hours and Contributions for December 2018, January 2019, and February 2019. Additionally, in support of their request for attorney's fees and costs, Plaintiffs submitted the affidavit of Matthew I. Henzi, who is an attorney representing Plaintiffs in this matter.

**ANALYSIS**

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe &*

2

*Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The default of Defendant has already been established and, as a matter of law, they are liable to Plaintiffs on the cause of action alleged against them in the Complaint. Additionally, the relief sought by Plaintiffs in their motion for default judgment does not differ in kind from the relief sought in the Complaint or exceed the amount demanded in the Complaint. In actions to recover delinquent payments under ERISA §1145, courts are to award not only the unpaid contributions, but also accrued interest, liquidated damages (or additional interest, if greater), and reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2); *see also Chi. Truck Drivers v. El Paso CGP Co.*, 525 F.3d 591, 604 (7th Cir. 2008) (noting that liquidated damages are "the penalty that the employer pays for forcing a plan sponsor to litigate"). The interest and liquidated damages provisions of ERISA apply to contributions that are unpaid at the date of suit. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001).

3

Plaintiffs have provided several items to support the calculation of damages contained in their Motion for Default Judgment. Plaintiffs attach, as Exhibit B, the Employer's Report of Hours and Contributions in support of their claim that Defendants failed to remit payment for fringe benefits to Plaintiffs for December 2018, January 2019, and February 2019.

At this time, Exhibit B does not provide an adequate evidentiary basis to support a calculation of damages because it has not been authenticated. Federal Rule of Evidence 901(a) requires, as a condition precedent to admission, that a piece of evidence be authenticated through "evidence sufficient to support a finding that the matter in question is what its proponent claims." Documents can be authenticated by attaching them to an affidavit of an individual who swears that the documents are true and correct copies of the originals, if the individual who authenticates the documents has personal knowledge of their authenticity. Fed. R. Evid. 901(b)(1); *see also Szymankiewicz v. Doying*, 187 F. App'x. 618, 622 (7th Cir. 2006) (prison documents attached to affidavit not admissible where they were not accompanied by authentication by records custodian).

Plaintiffs have also attached portions of the governing CBA as Exhibit A to its Motion. Exhibit A, like Exhibit B, has not been authenticated.

In their Motion, Plaintiffs ask that the judgment include $3,575.84 for late payment liquidated damages that were "assessed due to late payment of October — November 2018 fringes." (Mot. ¶ 9.C.) Plaintiffs have submitted no evidentiary support for the assessment of late fees for October or November 2018.

With respect to attorney fees and costs, Plaintiffs have submitted an affidavit advising that partner time is billed at $190.00, associate time at $175.00, and paralegal time at $75.00. The affidavit further states, without any breakdown of hours, that "[f]rom February 20, *2020* [sic] through the present, $4,132.50 was expended in attorney fees." (Aff. ¶ 4, ECF No. 13-4 (emphasis added).) Even if the Court assumes that the affiant intended to reference a beginning billing date of February 20, *2019*, the Court would request additional details before deciding whether the requested amount is reasonable. For example, invoices would presumably identify the identity of the attorney providing the services, the date work was performed, the number of hours expended on tasks, and the nature of the work performed for each billing entry. Such information would allow the Court to determine whether the time that was expended for the reported tasks was reasonable and necessary. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004) (stating that when court determines whether hours in lodestar calculation for award of fees were reasonably expended it considers if the hours are "excessive, redundant, or otherwise unnecessary").

Finally, the Motion refers to a claim made on BMG's surety bond, and payment of $50,000. Statements in a motion filed by an attorney are not evidence.

In the absence of a hearing, the Court must be able to rely on the definite figures contained in documentary evidence and detailed affidavits. Because the identified deficiencies in Plaintiffs' submission are curable, the Court will take Plaintiffs' Motion for Entry of Default Judgment under advisement and grant Plaintiffs leave to supplement the record with materials addressing these matters.

## CONCLUSION

For the reasons stated above, the Court TAKES UNDER ADVISEMENT Plaintiffs' Motion for Entry of Default Judgment Against Defendants BMG Mechanical Corp. and Shermon Gayheart [ECF No. 13], and GRANTS Plaintiffs until January 7, 2020, to supplement the record.

SO ORDERED on December 10, 2019.

s/ <i>Holly A. Brady</i><br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT